1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT
8                    EASTERN DISTRICT OF CALIFORNIA
9
10
MICHAEL JAMES,                     ) 1:10-cv—01975-LJO-SKO-HC
11                                 )
                  Petitioner,      ) FINDINGS AND RECOMMENDATIONS TO
12                                 ) DISMISS PETITION AS SUCCESSIVE
                                   ) PURSUANT TO 28 U.S.C. § 2244(b)
13       v.                        ) (Doc. 1) AND TO DECLINE TO ISSUE
                                   ) A CERTIFICATE OF APPEALABILITY
14  A. HEDGPETH, Warden,           )
                                   ) DEADLINE FOR OBJECTIONS:
15                  Respondent.    ) THIRTY (30) DAYS
                                   )
16  _____)

17

18       Petitioner is a state prisoner proceeding pro se and in

19  forma pauperis with a petition for writ of habeas corpus pursuant

20  to 28 U.S.C. § 2254.  The matter has been referred to the

21  Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local

22  Rules 302 and 304.  Pending before the Court is the petition of

23  204 pages, including exhibits, filed on October 21, 2010.

24       I. Screening the Petition

25       Rule 4 of the Rules Governing § 2254 Cases in the United

26  States District Courts (Habeas Rules) requires the Court to make

27  a preliminary review of each petition for writ of habeas corpus.

28  The Court must summarily dismiss a petition "[i]f it plainly

                                    1

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II. Background

Petitioner is an inmate of Salinas Valley State Prison (SVSP) serving a sentence of twenty-six (26) years to life imposed in the Kern County Superior Court on May 29, 2002, for conspiracy and attempted murder. (Pet. 1, 7.)

The present petition is not the first petition filed with respect to the judgment pursuant to which Petitioner is

2

1  incarcerated.   The Court may take judicial notice of court

2  records.   Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>,

3  989 F.2d 331, 333 (9th Cir. 1993); <u>Valerio v. Boise Cascade</u>

4  <u>Corp.</u>, 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), <u>aff'd</u>, 645 F.2d

5  699 (9th Cir. 1981).   The Court will take judicial notice of its

6  own dockets.

7      On September 4, 2009, a second amended habeas petition

8  challenging Petitioner's 2002 conspiracy and attempt judgment was

9  denied by this Court on the merits in <u>Michael James v. Darral</u>

10  <u>Adams</u>, 1:07-cv-01110-JMD-HC.   (Docs. 37, 38.)   The docket of that

11  proceeding reflects that a notice of appeal from this Court's

12  judgment was filed on October 5, 2009 (Doc. 40), and the appeal

13  is presently pending.

14    III.  <u>Successive Petition</u>

15      Because the petition in the present case was filed after the

16  enactment of the Antiterrorism and Effective Death Penalty Act of

17  1996 (AEDPA), the AEDPA applies to the petition.   <u>Lindh v.</u>

18  <u>Murphy</u>, 521 U.S. 320, 327 (1997), <u>cert.</u> <u>denied</u>, 522 U.S. 1008

19  (1997); <u>Furman v. Wood</u>, 190 F.3d 1002, 1004 (9th Cir. 1999).

20      A federal court must dismiss a second or successive petition

21  that raises the same grounds as a prior petition.   28 U.S.C.

22  § 2244(b)(1).   The Court must also dismiss a second or successive

23  petition raising a new ground unless the petitioner can show that

24  1) the claim rests on a new, retroactive, constitutional right or

25  2) the factual basis of the claim was not previously discoverable

26  through due diligence, and the new facts establish by clear and

27  convincing evidence that but for the constitutional error, no

28  reasonable factfinder would have found the applicant guilty of

1  the underlying offense.  28 U.S.C. § 2244(b)(2)(A)-(B).

2      However, it is not the district court that decides whether a

3  second or successive petition meets these requirements, which

4  allow a petitioner to file a second or successive petition.

5  Section 2244(b)(3)(A) provides, "Before a second or successive

6  application permitted by this section is filed in the district

7  court, the applicant shall move in the appropriate court of

8  appeals for an order authorizing the district court to consider

9  the application."  In other words, a petitioner must obtain leave

10 from the Ninth Circuit before he or she can file a second or

11 successive petition in district court.  See Felker v. Turpin, 518

12 U.S. 651, 656-657 (1996).  This Court must dismiss any claim

13 presented in a second or successive habeas corpus application

14 under section 2254 that was presented in a prior application

15 unless the Court of Appeals has given Petitioner leave to file

16 the petition.  28 U.S.C. § 2244(b)(1).  This limitation has been

17 characterized as jurisdictional.  Burton v. Stewart, 549 U.S.

18 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th

19 Cir. 2001).

20     A disposition is "on the merits" if the district court

21 either considered and rejected the claim, or determined that the

22 underlying claim would not be considered by a federal court.

23 McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing

24 Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir. 1990)).  A claim

25 is successive within the meaning of § 2244(b) if the basic thrust

26 or gravamen of the legal claim is the same, regardless of whether

27 the basic claim is supported by new and different legal

28 arguments.  Further, identical grounds may often be proved by

4

1    different factual allegations.  Babbitt v. Woodford, 177 F.3d
2    744, 746 (9th Cir. 1999).

3         Here, the first petition concerning the Kings County
4    judgment was denied on the merits.

5         The Court has considered the pendency of an appeal from the
6    judgment rendered by this Court on the first petition.  It is
7    established that if a new petition is filed when a previous
8    habeas petition is still pending before the district court
9    without a decision having been rendered, then the new petition
10   should be construed as a motion to amend the pending petition.
11   Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008).  However, the
12   Woods holding will not be extended to a situation where the
13   district court has ruled on the initial petition, and proceedings
14   have begun in the Court of Appeals.  Beaty v. Schriro, 554 F.3d
15   780, 782-83 & n.1 (9th Cir. 2009), cert. denied, -- U.S. --, 130
16   S.Ct. 364, 175 L.Ed.2d 50 (2009).  The petition presently before
17   the Court is thus considered a successive petition because the
18   district court entered judgment and denied the first petition on
19   the merits, and the appeal is pending in the Ninth Circuit.  Id.

20        Petitioner makes no showing that he has obtained prior leave
21   from the Ninth Circuit to file his successive petition attacking
22   the conviction.  Accordingly, this court has no jurisdiction to
23   consider Petitioner's renewed application for relief from that
24   conviction under section 2254 and must dismiss the petition.
25   See, Felker v. Turpin, 518 U.S. 651, 656-57; Burton v. Stewart,
26   549 U.S. 147, 152; Cooper v. Calderon, 274 F.3d 1270, 1274.  If
27   Petitioner desires to proceed in bringing this petition for writ
28   of habeas corpus, he must file for leave to do so with the Ninth

1    Circuit.  See 28 U.S.C. § 2244(b)(3).

2        IV.  Certificate of Appealability

3        Unless a circuit justice or judge issues a certificate of

4    appealability, an appeal may not be taken to the Court of Appeals

5    from the final order in a habeas proceeding in which the

6    detention complained of arises out of process issued by a state

7    court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537

8    U.S. 322, 336 (2003).  A certificate of appealability may issue

9    only if the applicant makes a substantial showing of the denial

10   of a constitutional right.  28 U.S.C. § 2253(c)(2).  Under this

11   standard, a petitioner must show that reasonable jurists could

12   debate whether the petition should have been resolved in a

13   different manner or that the issues presented were adequate to

14   deserve encouragement to proceed further.  Miller-El v. Cockrell,

15   537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484

16   (2000)).  A certificate should issue if the Petitioner shows that

17   jurists of reason would find it debatable whether the petition

18   states a valid claim of the denial of a constitutional right and

19   that jurists of reason would find it debatable whether the

20   district court was correct in any procedural ruling.  Slack v.

21   McDaniel, 529 U.S. 473, 483-84 (2000).

22       In determining this issue, a court conducts an overview of

23   the claims in the habeas petition, generally assesses their

24   merits, and determines whether the resolution was wrong or

25   debatable among jurists of reason.  Miller-El v. Cockrell, 537

26   U.S. at 336-37.  It is necessary for an applicant to show more

27   than an absence of frivolity or the existence of mere good faith;

28   however, it is not necessary for an applicant to show that the

6

1   appeal will succeed.  Id. at 338.

2       A district court must issue or deny a certificate of

3   appealability when it enters a final order adverse to the

4   applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

5       Here, Petitioner has not demonstrated that jurists of reason

6   would find it debatable whether or not the petition states a

7   valid claim of the denial of a constitutional right.  Petitioner

8   has not made the substantial showing required for issuance of a

9   certificate of appealability.

10      V.  Recommendation

11      Accordingly, it is RECOMMENDED that:

12      1) The petition be DISMISSED as successive; and

13      2) The Court DECLINE to issue a certificate of

14  appealability; and

15      3) The Clerk be DIRECTED to close this action because the

16  dismissal will terminate the action.

17      These findings and recommendations are submitted to the

18  United States District Court Judge assigned to the case, pursuant

19  to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of

20  the Local Rules of Practice for the United States District Court,

21  Eastern District of California.  Within thirty (30) days after

22  being served with a copy, any party may file written objections

23  with the Court and serve a copy on all parties.  Such a document

24  should be captioned "Objections to Magistrate Judge's Findings

25  and Recommendations."  Replies to the objections shall be served

26  and filed within fourteen (14) days (plus three (3) days if

27  served by mail) after service of the objections.  The Court will

28  then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

7

636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:     January 3, 2011**               /s/ Sheila K. Oberto
                                  UNITED STATES MAGISTRATE JUDGE